FIRSTIER BANK, N.A., TRUSTEE OF THE JOHN M. HUNT TESTAMENTARY TRUST, ET AL., APPELLANTS, V. DEPARTMENT OF REVENUE, STATE OF NEBRASKA, APPELLEE.

580 N.W.2d 537

Filed July 2, 1998.   No. S-96-1040.

Vard R. Johnson, of Broom, Johnson & Clarkson, for appellants.

Don Stenberg, Attorney General, and L. Jay Bartel for appellee.

WHITE, C.J., CAPORALE, WRIGHT, GERRARD, STEPHAN, and McCORMACK, JJ.

WRIGHT, J.

## NATURE OF CASE

FirsTier Bank, N.A., trustee of the John M. Hunt testamentary trust; Union Bank and Trust Company, trustee of the J. Michael McQuiston irrevocable trust; and Norwest Capital Management and Trust Company, trustee of the Steven J. Silver testamentary trust (hereinafter referred to as "the petitioners"), appeal from the district court's affirmance of a decision by the Nebraska Department of Revenue (Department) which denied income tax refunds claimed on the amended 1990 Nebraska fiduciary income tax returns filed by the petitioners. Each of the petitioners has brought an action on behalf of one named trust. The cases were consolidated by the Department on December 13, 1994, for purposes of a contested hearing, which was held on March 28, 1995. In all, there have been over 250 amended fiduciary income tax returns filed for tax year 1990, and over $78,000 in income tax refunds has been requested. By stipulation with the Department, each of these 250 parties has agreed to be bound by the final outcome of these three cases.

## SCOPE OF REVIEW

Statutory interpretation is a matter of law, and a reviewing court is obligated to reach its conclusion independent of the determination made by the administrative agency or the district court. See, *Brown v. Wilson*, 252 Neb. 782, 567 N.W.2d 124 (1997); *CenTra, Inc. v. Chandler Ins. Co.*, 248 Neb. 844, 540 N.W.2d 318 (1995).

## FACTS

The following facts are taken from the stipulation of facts by the petitioners and the Department: The petitioners filed amended Nebraska fiduciary income tax returns, forms No. 1041N, for tax year 1990, within the prescribed time for claiming refunds. The following statement was attached to each amended return:

> The taxpayer is amending this Nebraska Fiduciary Income Tax Return due to an error in the calculation and payment of income tax on the original return. According to Nebraska Revenue Statute 77-2717, the income tax imposed on, and the computation of the tax for, individuals shall apply to the tax liability of all estate [sic] and trusts. The amount of tax due has been recalculated according to the statute.

In their amended returns, the petitioners calculated their tax liability using the single-taxpayer rate schedule in effect in 1990, rather than the estates and trusts rate schedule which was designated by the Department as the appropriate rate schedule for taxing estates and trusts. As a result, FirsTier Bank, N.A., trustee of the John M. Hunt testamentary trust, claimed a tax refund of $76. Union Bank and Trust Company, trustee of the J. Michael McQuiston irrevocable trust, claimed a tax refund of $383. Norwest Capital Management and Trust Company, trustee of the Steven J. Silver testamentary trust, claimed a tax refund of $474.

The Nebraska income tax system was partially uncoupled from the Internal Revenue Code by 1987 Neb. Laws, L.B. 773. After the passage of L.B. 773, Nebraska income tax was no longer calculated as a percentage of federal income tax before credits. Instead, L.B. 773, § 8(f), which was codified at Neb. Rev. Stat. § 77-2715.02(2)(f) (Supp. 1987), required that rate schedules be established by the Department for each "federal filing status." The parties have stipulated that I.R.C. § 1 (Supp. IV 1986) did not define "filing status" at the time L.B. 773 was enacted. Yet, the Internal Revenue Code required in relevant part that "[t]he taxable income of an estate or trust shall be computed in the same manner as in the case of an individual, except as otherwise provided in this part." I.R.C. § 641(b) (1994).

Following the enactment of L.B. 773, the Department published rate schedules for each of the following categories of taxpayers: individual taxpayers, married taxpayers filing joint returns and surviving spouses, heads of households, married taxpayers filing separately, and estates and trusts. The tax-rate schedule for estates and trusts was also published in the

Department's annual fiduciary income tax booklet from 1987 through 1994.

Section 77-2715.02(2)(a) was amended by 1993 Neb. Laws, L.B. 240, which replaced the federal rate schedule with Nebraska's own version of rate schedules. This 1993 amendment did not provide a separate rate schedule for estates and trusts, but in 1994, the Legislature again amended § 77-2715.02(2)(a) and created a separate rate schedule for estates and trusts.

In April 1994, the petitioners filed their amended fiduciary income tax returns for the 1990 tax year, seeking a partial refund of the taxes paid for 1990. On December 13, 1994, the Department consolidated the petitioners' claims for the purpose of hearing and deciding the common issues in any subsequent appeal that might be taken therefrom. On June 20, 1995, the State Tax Commissioner issued a final order denying the petitioners' claims for refunds. The petitioners appealed the final order to the Lancaster County District Court, which heard the appeals on May 30, 1996, and entered an order denying refunds on September 4. The petitioners each have filed a timely notice of appeal to this court.

## ASSIGNMENTS OF ERROR

In summary, the petitioners make the following assignments of error: The district court erred (1) in failing to properly construe Neb. Rev. Stat. § 77-2717(1) (Reissue 1990), which stated that certain estates and trusts would be taxed as individuals; (2) in sanctioning the Department's treatment of estates and trusts as a "federal filing status" pursuant to § 77-2715.02(2)(f) (Reissue 1990); (3) in approving the Department's adoption of the federal tax rate schedule for estates and trusts, because the statutes which allowed the Department to rely upon the Internal Revenue Code must be read in conjunction with the limits placed on the Department for taxing estates and trusts as individuals; (4) in finding that the Nebraska Legislature acquiesced to the Department's creation of a separate rate schedule for estates and trusts; (5) in not recognizing that the 1994 amendment to the Nebraska tax statutes, which stated that estates and trusts could be taxed at a special rate, would have been unnecessary if the Department's prior actions were justified pursuant

to existing law; and (6) in determining that § 77-2717(1) was unconstitutionally vague if construed so that estates and trusts were taxed pursuant to one of the existing rate schedules assigned to individuals.

## ANALYSIS

Initially, we point out that this is not a class action. The established rule in this state is that an action " 'cannot be maintained by one taxpayer on behalf of himself and others similarly situated to recover back taxes alleged to have been illegally assessed. In such case each must bring an action on his own behalf.' " *Boersma v. Karnes*, 227 Neb. 329, 331, 417 N.W.2d 341, 344 (1988). This court has jurisdiction over a taxpayer's refund claim only if the taxpayer followed the proper procedures for obtaining a refund; jurisdiction will not vest on the basis that others are similarly situated. We therefore proceed to the merits of the claims of the three petitioners over which we have jurisdiction.

The petitioners contend that the Department exceeded its statutory power when it created a separate rate schedule for estates and trusts, because § 77-2717 required the Department to use one of the following four rate schedules to tax estates and trusts: individual, married filing jointly and surviving spouse, head of household, or married filing separately. They assert that since estates and trusts had to be taxed as individuals, the rate schedule which most logically applied to them was the rate schedule for individual taxpayers.

In contrast, the Department claims that §§ 77-2715.02 and 77-2717 authorized it to refer to the Internal Revenue Code to create a tax-rate schedule for estates and trusts. Also, the Department argues that it was specifically directed by § 77-2715.02 to establish one rate schedule for each "federal filing status." Since the Internal Revenue Code provided for a separate tax rate for estates and trusts, the Department claims that it was also justified in creating a separate tax rate for estates and trusts. Further, the Department reasons that if the rate schedule applied to estates and trusts did not qualify as a "federal filing status," then the Department would have been required to apply one of the four existing individual tax rates without having obtained any

guidance from the Legislature, and that giving such discretion to the Department would have been an unconstitutional delegation of legislative power.

Section 77-2717 provided in part: "(1) The tax imposed on, and the computation of the tax for, individuals shall apply to the tax liability of all estates and trusts except those trusts taxed as a corporation under the Internal Revenue Code." During the 1990 tax year, § 77-2715.02 provided:

> (1) Whenever the primary rate is changed by the Legislature under section 77-2715.01, the Tax Commissioner shall update the rate schedules required in subsection (2) of this section to reflect the new primary rate and shall publish such updated schedules.

> (2) The following rate schedules are hereby established for the Nebraska individual income tax and shall be in the following form:

> (a) The income amounts for columns A, B, and E shall be the same as for the federal rate schedules in effect for tax year 1987;

> . . . .

> (f) One rate schedule shall be established for each federal filing status.

Statutory interpretation is a matter of law, and a reviewing court is obligated to reach its conclusion independent of the determination made by the administrative agency or the district court. See, *Brown v. Wilson*, 252 Neb. 782, 567 N.W.2d 124 (1997); *CenTra, Inc. v. Chandler Ins. Co.*, 248 Neb. 844, 540 N.W.2d 318 (1995). In order to be valid, a rule or regulation which an agency creates must be consistent with the statute under which the rule or regulation was promulgated. *State ex rel. Spire v. Stodola*, 228 Neb. 107, 421 N.W.2d 436 (1988). Therefore, the Department's creation of a special tax rate for estates and trusts is valid only if such actions were permitted by §§ 77-2715.02 and 77-2717 and other applicable sections of chapter 77.

First, we note that § 77-2717 provided that computation of the tax for individuals was to apply to the tax liability of all estates and trusts except those taxed as a corporation under the Internal Revenue Code. The Department properly interpreted

§ 77-2717 to mean that the estates and trusts in question should be taxed as individuals and not as corporations. Thus, the question before us is which individual tax-rate schedule should have been applied to the estates and trusts.

In 1986, before L.B. 773 was enacted, the federal government changed the taxation of estates and trusts. Prior to 1986, estates and trusts were taxed at the rate which was used to tax married taxpayers filing separately. However, in the 1986 amendment to the Internal Revenue Code, Congress created a separate and higher tax rate especially for estates and trusts. This rate schedule was published in I.R.C. § 1, which provided five rate schedules for taxing individuals.

Pursuant to § 77-2715.02(2)(a), the Department mirrored the Internal Revenue Code and adopted a separate rate schedule for estates and trusts. The basis of the petitioners' claims is that the Department did not have the authority to create this separate rate schedule for estates and trusts and, therefore, should have taxed their trusts at the tax rate used to tax single taxpayers.

In examining this argument, we consider whether the Department had authority to tax the trusts as single taxpayers. Section 77-2715.02(2)(f) provided that one rate schedule was to be established for each "federal filing status." The federal rate schedule in effect for 1987 provided a separate rate schedule for estates and trusts under I.R.C. § 1, and previously, estates and trusts had been taxed under the Internal Revenue Code with the rate schedule for married taxpayers filing separately. Thus, there was no statutory authority for the petitioners' argument for treating estates and trusts as single taxpayers, other than to make the generalization that single taxpayers are more like estates and trusts than any of the other categories.

Next, we consider whether there was statutory authority for the Department's position. From our review of the statutes in question, we conclude that the Department properly adopted a separate rate schedule for estates and trusts. We disagree with the petitioners' assertion that the Department could not adopt the federal rate schedules because § 77-2715.02 referred only to "federal filing status." This term is sufficiently broad to include the federal rate schedules.

When Congress adopted legislation providing that estates and trusts would no longer be taxed pursuant to the rate schedule for married taxpayers filing separately, it created a special tax rate for estates and trusts and continued to list tax information regarding estates and trusts in the portion of the Internal Revenue Code relating to taxation of individuals. Since § 77-2717 mandated that estates and trusts be taxed as individuals and § 77-2715.02 directed the Department to create a rate schedule in conformity with federal law, it was reasonable for the Department to tax estates and trusts pursuant to a special rate schedule.

## CONCLUSION

We conclude that a reading of §§ 77-2715.02 and 77-2717 together required the Department to tax estates and trusts in conformity with the tax-rate schedules established by the Internal Revenue Code. A court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme. *SID No. 1 v. Nebraska Pub. Power Dist.*, 253 Neb. 917, 573 N.W.2d 460 (1998).

Therefore, we affirm the judgment of the district court.

AFFIRMED.

CONNOLLY, J., not participating.