JOHN W. DECAMP, RELATOR, V.
STATE OF NEBRASKA ET AL., RESPONDENTS.
594 N.W. 2d 571

Filed May 7, 1999.    No. S-98-941.

John W. DeCamp and John E. Beltzer, of DeCamp Legal Services, P.C., for relator.

Don Stenberg, Attorney General, and L. Steven Grasz for respondents.

Robert T. Grimit, of Baylor, Evnen, Curtiss, Grimit & Witt, for amici curiae Nebraska Chamber of Commerce & Industry, Lincoln Chamber of Commerce, and Greater Omaha Chamber of Commerce.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

John W. DeCamp (relator) filed this original action against the State of Nebraska; E. Benjamin Nelson, Governor; Kim Robak, Lieutenant Governor; and Don Stenberg, Attorney General (respondents), challenging the validity of 1998 Neb. Laws, L.B. 939. The petition alleges that the Legislature failed to comply with the procedural rules set forth in article III, § 14, of the Nebraska Constitution and rule 6, § 7, of the Rules of the Nebraska Unicameral Legislature, Ninety-Fifth Legislature, Second Session, in that L.B. 939 did not stay on file for final reading at least 1 legislative day before the vote was taken by the Legislature.

## STIPULATION OF FACTS

L.B. 939 was advanced from select file to enrollment and review for engrossment on February 5, 1998. On February 9, L.B. 939 was reported as "correctly engrossed" and placed on final reading. L.B. 939 was returned from final reading to select file for a specific amendment on March 4. The legislative business opened on March 10 with L.B. 939 on select file and a motion pending to strike the enacting clause of L.B. 939. Within that same day, a motion to bracket the bill failed; the motion to strike the enacting clause was withdrawn; and the bill was advanced for final reading, passed on final reading, signed by

the president of the Legislature Robak, and presented to Governor Nelson for signature. No amendments to L.B. 939 were adopted between its initial advancement to final reading on February 9 and its passage on March 10. The Governor signed the bill the next day. The Legislature adjourned sine die on April 14.

## ANALYSIS

The issue presented is whether L.B. 939 satisfied the requirements of article III, § 14, and rule 6, § 7(b) and (c).

The applicable portion of article III, § 14, states: "No such vote upon the final passage of any bill shall be taken . . . until five legislative days after its introduction nor until it has been on file for final reading and passage for at least one legislative day." Rule 6, § 7, provides in part: "No bill shall be voted on for final passage until . . . (b) One legislative day after its reference to Final Reading. (c) Printed copies of the bill in its final form, as amended, shall have been available to members and on their desks for at least one legislative day."

Relator alleges that the Legislature violated both article III, § 14, and rule 6, § 7(b) and (c), because L.B. 939 did not stay on file for final reading for at least 1 legislative day after its return from select file on March 10, 1998. Relator asserts that even though the bill was on file for final reading from February 9 through March 4 and was readmitted on March 10 for final reading in an unchanged form from the original offering, that does not cure the alleged violation. In summary, relator asserts that the phrase "final reading" for purposes of article III and rule 6 means the final reading just before the vote is taken. Relator argues that since L.B. 939 was on final reading for only a few hours before the vote was taken, L.B. 939 was passed in violation of article III, § 14, and rule 6, § 7(b) and (c).

It is respondents' position that L.B. 939 was on final reading for over 20 legislative days between February 9 and March 4, 1998, and that since the bill was readvanced to final reading and no amendments were adopted between its initial advancement to final reading on February 9 and its passage on March 10, it was on file for final reading for more than the requisite 1 legislative day prior to its passage.

We first address whether the passage of L.B. 939 comports with article III, § 14. It is a settled principle of constitutional law that the construction and interpretation of the Constitution is a judicial function. *Pig Pro Nonstock Co-op v. Moore*, 253 Neb. 72, 568 N.W.2d 217 (1997). Article III, § 14, was adopted by means of an initiative petition, and the intent of the voters in adopting an initiative amendment to the Nebraska Constitution must be determined from the words of the initiative amendment itself. See *Pig Pro Nonstock Co-op v. Moore, supra.* In ascertaining the intent of a constitutional provision from its language, " ' " [t]he court may not supply any supposed omission, or add words to or take words from the provision as framed. . . ." ' " *Id.* at 83, 568 N.W.2d at 224, quoting *State ex rel. Spire v. Beermann*, 235 Neb. 384, 455 N.W.2d 749 (1990).

A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. *Andrews v. Schram*, 252 Neb. 298, 562 N.W.2d 50 (1997); *State ex rel. Shepherd v. Neb. Equal Opp. Comm.*, 251 Neb. 517, 557 N.W.2d 684 (1997). Where no definitive guidance is provided by the Constitution, we are required to give deference to the actions of the legislative branch in determining whether the statute was validly enacted.

We have not previously addressed whether the requirements of article III, § 14, demand that a bill remain uninterrupted on final reading for at least 1 legislative day immediately prior to its passage. In *In re Forsythe et al. Application*, 185 N.J. Super. 582, 450 A.2d 594 (1982), the court addressed a somewhat similar constitutional provision which mandated that no bill be read a third time in either house until after the intervention of 1 full calendar day following the day of second reading. In that case, a bill had technically been moved from second to third reading and passed the same day because an identical bill had been before the legislature for the requisite period of time, and it was alleged that the bill had been improperly advanced to its third reading before the passage of 1 full calendar day following the second reading.

The New Jersey court concluded that the purpose of the constitutional provision was to cure the evils of rushing bills from second to third readings without giving the members of the leg-

islature an opportunity to study the contents of the bills. The provision did not require that any particular procedure be followed in the adoption of the legislation as long as the content of the bill remained unchanged for 1 calendar day before third reading and passage.

In the present case, prior to the vote on L.B. 939, the president of the Legislature stated: "All provisions of law relative to procedure having been complied with, the question is, shall LB 939 pass?" Floor Debate, 95th Leg., 2d Sess. 13189 (Mar. 10, 1998). The record of the legislative vote shows 39 "ayes" and 1 "nay." *Id.* According to the Clerk of the Legislature, four senators were present but not voting and five were excused and not voting. The president of the Legislature subsequently announced that L.B. 939 had passed. *Id.*

Our reading of article III, § 14, does not disclose any requirement that L.B. 939 had to be on final reading for 1 legislative day immediately before the actual vote. Since the bill was on file for final reading for 20 legislative days and it was readvanced to final reading without amendment, we conclude that the passage of L.B. 939 complied with the requirements of article III, § 14.

We next briefly address whether the passage of L.B. 939 complied with the rules of the Legislature. We refer to Neb. Const. art. III, § 10, which states in part: "[T]he Legislature shall determine the rules of its proceedings . . . ." Under the facts of this case, the Legislature has determined that the passage of L.B. 939 complied with rule 6, and absent a constitutional issue, we decline to review that determination.

For the foregoing reasons, we dismiss relator's petition.

PETITION DISMISSED.