REQUESTED BY: Merton L."Cap" Dierks, Nebraska State Senator
We have received your request for an opinion on two questions relating to LB 1437, the Family Farm and Ranch Transfer Act. In particular, you ask whether LB 1437 would violate Neb. Const. art. XII, § 8 to the extent the legislation would permit limited liability entities formed for purposes of section 3 of LB 1437 to own agricultural land or engage in farming or ranching. Second, you ask if LB 1437 enables the formation of a limited liability entity for the purposes of section 3 of LB 1437 that would not be in violation of Neb. Const. art. XII, § 8. LB 1437 is a bill that purportedly provides an exception to the constitutional prohibition on certain types of agricultural activities by corporations for inter-generational transfers of agricultural operations. It should be noted that a similar bill to LB 1437 was introduced during the 1999 session of the Nebraska Legislature, and that a formal opinion was issued by our office on LB 274. Op. Att'y Gen. No. 99007 (March 4, 1999). Many of the same issues in that opinion are discussed herein.
I. DESCRIPTION OF CURRENT LAW AND PROPOSED BILL
Neb. Const. art. XII, § 8, otherwise known as "Initiative 300", was passed into law by the voters of Nebraska on November 2, 1982. Initiative Measure No. 300 was placed on the ballot by the voter petition process contained in Neb. Const. art. III, § 2. This initiative provided a general prohibition on corporations, trusts and limited partnerships owning agricultural land, or engaging in farming or ranching. It states:
 No corporation or syndicate shall acquire, or otherwise obtain an interest, whether legal, beneficial, or otherwise, in any title to real estate used for farming or ranching in this state, or engage in farming or ranching.
Neb. Const. art. XII, § 8(1).
This prohibition on limited liability entities, which includes corporations and syndicates, has certain exceptions contained in Neb. Const. art. XII, § 8(1)(A)-(N). In regards to LB 1437, the definition of "syndicate" is important, and it states:
 Syndicate shall mean any limited partnership organized under the laws of any state of the United States or any country, other than limited partnerships in which the partners are members of a family, or a trust created for the benefit of members of a family, related to one another within the fourth degree of kindred according to the rules of civil law, or their spouses, at least one of whom is a person residing on or actively engaged in the day to day labor and management of the farm or ranch, and none of whom are nonresident aliens. This shall not include general partnerships.
The analysis of the "syndicate" definition is relevant to LB 1437, which would amend the current statutory scheme controlling "syndicates". This statutory scheme provides essentially the same limitations upon limited liability companies and limited liability partnerships in regards to agricultural property by statute as the constitution provides for limited partnerships. The statutes and constitution define "syndicate" to include all limited liability entities which are not corporations, which includes limited partnerships (Neb. Const. art. XII, § 8(1)), limited liability companies (Neb. Rev. Stat. § 21-2602(2) (1997)), or limited liability partnerships (Neb. Rev. Stat. §§ 67-306(3) 67-409(2) (1996, Cum. Supp. 1998)). A similar exception to the rule against owning agricultural interests exists for a "family farm" under these statutes as is stated in the "family farm" limited partnership exception above. The exception allows members of a family to own the limited liability entity, provided that those owners are related to the other owners ". . . within the fourth degree of kindred according to the rules of civil law, or their spouses . . ." and that at least one owner is a ". . . person residing on or actively engaged in the day-to-day labor and management of the farm or ranch." Neb. Const. art. XII, § 8(1); Neb. Rev. Stat. §§ 21-2602(2), 67-306(3) 67-409(2). A more detailed description of this "family farm" exception is examined in Op. Att'y Gen. No. 99007, along with a description of the treatment of partnerships under the Uniform Partnership Act and the Uniform Partnership Act of 1998.
LB 1437 proposes an expansion of the exceptions allowed for "syndicates" under the above scheme. In particular, section 3 of LB 1437 states:
 A limited liability company, limited partnership, or limited liability partnership may be formed for the purpose of transferring ownership interest in a family farm or ranch operation from a senior member or partner to a junior member or partner as provided in the Family Farm and Ranch Transfer Act. The articles of organization of a limited liability partnership, or the registration application or statement of qualification of a limited liability partnership formed pursuant to this section shall include a description of the time frame and the financial arrangements concerning the transfer of ownership interests in agricultural land in addition to any other information as required by law.
1999 LB 1437 § 3.
This section would allow a "senior member or partner" to transfer his or her ownership interest to a "junior member or partner". Id. Senior members or partners and junior members or partners are defined in LB 1437 § 2 as:
 Junior member or partner means a family farm or ranch operation:
 (a) Which is actively engaged in farming or ranching; and
 (b) Whose operator (i) is younger than sixty-five years of age at the time the entity is formed pursuant to section 3 of this act, (ii) is actively engaged in such farming or ranching, and (iii) holds, either individually or with a spouse jointly or individually, a majority of the ownership interest in the operation of the junior member;
* * * * * * * * * * * * * *
 Senior member or partner means a family farm or ranch operation:
(a) Which owns agricultural land; and
 (b) Whose manager (i) is at least sixty-five years of age at the time the entity is formed pursuant to section 3 of this act, (ii) has been actively engaged in farming or ranching on land owned by the senior member prior to reaching sixty-five years of age, and (iii) holds, either individually or with a spouse jointly or individually a majority of the ownership interest in the operation of the senior member.
1999 LB 1437 §§ 2(2) and 2(4).
These senior members or partners and junior members or partners can form "family farm or ranch operations", which are essentially the "family farm" exceptions for corporations and syndicates described in the above constitutional amendment and statutes. These "family farm or ranch operations" can also include sole proprietors and general partnerships. These "family farm or ranch operations" are defined to mean:
 Family farm or ranch operation means a sole proprietorship or general partnership engaged in farming or ranching or the ownership of agricultural land, a limited liability company pursuant to section (2)(a) of section 21-2602, a limited partnership pursuant to subdivision (2)(a) of section 67-238, a limited liability partnership pursuant to subdivision (3)(a) of section 67-306 or subdivision (2)(a) or section 67-409, or a family farm or ranch corporation as defined in Article XII, section 8, of the Constitution of Nebraska.
1999 LB 1437 § 2(1).
Further, these "family farm or ranch operations" have specific requirements upon their operator (in the case of a "junior member") or their manager (in the case of a "senior member"). Manager or operator means:
 [A]n individual who is in a family farm or ranch operation and who is (a) the sole proprietor of a sole proprietorship or a partner if a general partnership or (b) a partner of such limited partnership or limited liability partnership, a member of a limited liability company, or a stockholder of a family farm or ranch corporation if such partner, member, or stockholder is related to other partners, members, or stockholders within the fourth degree of kindred according to the rules of civil law.
1999 LB 1437 § 2(3).
Last of all, LB 1437 amends the existing statutes on limited liability companies, limited partnerships and limited liability partnerships. It is important to note that these senior and junior members or partners do not need to be related as family. To fully understand the effect of this bill, we must compare it to the current statutes and constitution.
II. RELATIONSHIP OF LB 1437 TO NEB. CONST. ART. XII, § 8(1) AND ITS EXISTING STATUTORY SCHEME
Your question of whether LB 1437 violates Neb. Const. art. XII, § 8(1) can be answered by considering the effect enactment of LB 1437 would have. Restated, can LB 1437 allow "syndicates", in the form of "non-family" limited liability companies, limited partnerships and limited liability partnerships, to be formed for the purpose of owning agricultural land, or to engage in farming or ranching, and remain within the limitations of Neb. Const. art. XII, § 8(1)? We will examine each of these limited liability entities to determine what the net effect of this bill would be.
A. LIMITED PARTNERSHIPS
Limited partnerships (hereinafter "LPs") were in existence at the time Neb. Const. art. XII, § 8 was enacted in Nebraska. Limited partners do not have personal liability beyond their obligations to contribute to the partnership, as long as they do not take part in the control of the business.[1] This limited liability for limited partners ends if the limited partner implies to creditors he or she is a general partner, or if he or she participates in the management of day-to-day affairs of the business.[2] To acquire this limited liability, the partners must file a certificate of limited partnership with the Nebraska Secretary of State. Neb. Rev. Stat. § 67-240.
LB 1437 allows a limited partnership to be formed which transfers ownership interest from a junior partner to a senior partner. 1999 LB 1437 § 3. The descriptions of who these junior and senior partners may be is contained in section 2 of LB 1437. Section 6 of LB 1437 further amends Neb. Rev. Stat. § 67-238 to define "syndicate" as it relates to Neb. Const. art. XII, § 8. This definition of "syndicate" codifies the "family farm LP" exception as defined in Neb. Const. art. XII, § 8(1), and further creates an exception for "non-family farm LPs" formed under the Family Farm and Ranch Transfer Act.
Since Neb. Const. art. XII, § 8 limits the types of LPs that may own agricultural land or engage in farming and ranching, is it permissible to create a statutory exception to the Neb. Const. art. XII, § 8 limitations? "A Constitution represents the supreme written will of the people regarding the framework for their government." Duggan v. Beerman, 544 N.W.2d 68, 77, 249 Neb. 411,421 (1996). By describing the types of LPs that may avoid the limitations upon "syndicates", it appears the Nebraska Constitution has provided only that "family farm LPs" as defined in Neb. Const. art. XII, § 8 can operate in Nebraska. Neb. Const. art. XII, § 8 does not appear to include any other exceptions for LPs to avoid the general prohibition against "syndicates" owning agricultural land or engaging in farming and ranching. "In ascertaining the intent of a constitutional provision from its language, the court may not supply any supposed omission, or add words to or take words from the provisions as framed." DeCamp v.State, 594, N.W.2d 571, 573, 256 Neb. 892, 895 (1999) (citations omitted). Unless "non-family farm" LPs were included in Neb. Const. art. XII, § 8, then any further exception for "syndicates" would be inconsistent with the Constitution.
Neb. Const. art. XII, § 8 does allow for modification. However, these modifications are limited to further restrictions, as stated in the modification clause:
 The Nebraska Legislature may enact, by general law, further restrictions prohibiting certain agricultural operations that the legislature deems contrary to the intent of this section.
Neb. Const. art. XII, § 8.
LB 1437 does not propose ". . . further restrictions prohibiting certain agricultural operations . . .", which includes LPs. This bill instead expands the definition of "syndicate" to include LPs not mentioned in the Constitution itself. Any modification of the definition of "syndicate" to include LPs not described in Neb. Const. art. XII, § 8 would be constitutionally suspect, as the Constitution can only be amended by a constitutional amendment. "In adopting the Constitution, the people have imposed upon themselves limitations on their ability to amend this fundamental law." Duggan v. Beerman, 544 N.W.2d at 77,249 Neb. at 421. LB 1437's definition of LPs is inconsistent with Neb. Const. art. XII, § 8.
B. LIMITED LIABILITY COMPANIES
In 1997, LB 631 was codified under Neb. Rev. Stat. §§ 21-2601et. seq., making the current form of limited liability companies available in Nebraska. Nebraska has recognized limited liability companies (hereinafter "LLCs") since 1993, and all 50 states plus the District of Columbia now recognize and enable organization of these entities.[3] The LLC is an entity that combines a partnership-like structure with corporate-like limited liability.[4] LLCs in Nebraska are much like corporations, in that they can last perpetually (Neb. Rev. Stat. §21-2606(2)(a), they can have one or more members (Neb. Rev. Stat. § 21-2605), and they offer limited liability to their members and managers (Neb. Rev. Stat. § 21-2612(1)). An LLC, if properly formed, is fundamentally taxed as a partnership and not as a C corporation.[5]
In 1982, when Neb. Const. art. XII, § 8(1) was enacted, LLCs did not in exist in Nebraska. Since their creation, Neb. Rev. Stat. § 21-2602(2) was adopted to include LLCs under the definition of "syndicate", and allowed the limited exception for "family farm" LLCs. The "family farm" LLC definition appears to follow the language supplied for the exception for "family farm" LPs contained in Neb. Const. art. XII, § 8. The Legislature enacted this statute for ". . . further restrictions prohibiting certain agricultural operations that the legislature deems contrary to the intent of this section." Neb. Const. art. XII, §8.
LB 1437 also expands the definition of "syndicate" contained in Neb. Rev. Stat. § 21-2602(2). Section 4 includes exceptions for the "family farm" LLC as previously defined in the statute, and further excepts "non-family farm" LLCs formed in accord with the Family Farm and Ranch Transfer Act from the limitations upon "syndicates".
If Neb. Const. art. XII, § 8 does not mention LLCs as being syndicates or corporations in its language, and only allows statutory modifications of the Constitution to be statutes "prohibiting certain agricultural operations", can LB 1437's expanded definition of syndicate be consistent with the Constitution? In determining if the Constitution permits such a result, "[t]he language of a constitutional provision is to be interpreted with reference to established laws, usage, and customs of the country at the time of its adoption, but its terms and provisions are constantly expanded and enlarged by construction to meet the advancing affairs of humankind." Pig Pro Nonstock Co-opv. Moore, 568 N.W.2d 217, 225, 253 Neb. 72, 84 (1997). With this end in mind, one must determine whether an LLC is an entity which was meant to be regulated by the modification clause of Neb. Const. art. XII, § 8, and further what type of statutes are regulations consistent with the modification clause in Neb. Const. art. XII, § 8.
An LLC is not described in Neb. Const. art. XII, § 8 as a "corporation" or a "syndicate", therefore, it appears LLCs are not directly controlled by Neb. Const. art. XII, § 8. However, LLCs were not in existence at the time Neb. Const. art. XII, § 8 was enacted. It would appear logical that the modification clause of art. XII, § 8 would allow further regulation of the meaning of "syndicate" to include an LLC, if the statute followed the modification requirements of Neb. Const. art. XII, § 8. Many other Nebraska statutes relating to regulation of corporations and partnerships were amended once LLCs became available in Nebraska. Neb. Rev. Stat. §§ 21-1914(14), 33-101(3)(a), 43-3329(10),44-5103(2), 48-2302(4) (6) and 67-101 were all revised to include both LLCs and LLPs in their terms, adjacent to the terms for corporations, partnerships, limited partnerships and other entities. Extending the definition of a "syndicate" to include LLCs is consistent with other Nebraska statutes, and with the modification clause of Neb. Const. art. XII, § 8. "A court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme." FirsTier Bank,N.A. v. Department of Revenue, 254 Neb. 918, 925, 580 N.W.2d 537,541 (1998). Further, construction of the Constitutional term "syndicate" is allowed to encompass new entities, as "[e]very clause in the constitution has been inserted for a useful purpose and should receive even broader and more liberal construction than statutes". Hall v. Progress Pig, Inc., 575 N.W.2d 369, 375,254 Neb. 150, 158 (1998). LLCs, although not expressly mentioned in Neb. Const. art. XII, § 8, can be statutorily regulated under the modification clause of Neb. Const. art. XII, § 8.
The next determination is whether a "non-family farm" LLC may be an exception to the limitations upon "syndicates" prescribed by Neb. Const. art. XII, § 8. LB 1437's transfer of property between unrelated junior and senior members of an LLC must be consistent with the intent of Neb. Const. art. XII, § 8. 1999 LB 1437 §§ 3 4. When a constitutional amendment is adopted by Nebraska voters, ". . . the intent of the voters in adopting an initiative amendment to the Nebraska Constitution must be determined from the words of the initiative itself." DeCamp v.State, 594, N.W.2d at 573, 256 Neb. at 895. LB 1437 must coincide with the intent behind the limiting language on "syndicates" in Neb. Const. art. XII, § 8.
An LLC which allows members who are not related within the fourth degree of kindred to own agricultural land or engage in farming or ranching does not appear as an exception for either corporations or syndicates in Neb. Const. art. XII, § 8. Nor does such a situation exist in current statutes. LB 1437 would create an expansion of the definition of "syndicate" unlike any prior definitions because it allows unrelated members to own an LLC. While modification of Neb. Const. art. XII, § 8 by statute is allowed, the modifications are limited to ". . . furtherrestrictions prohibiting certain agricultural operations that the legislature deems contrary to the intent of this section." Neb. Const. art. XII, § 8 (emphasis added). Allowing an agricultural LLC to be structured in a way that agricultural LPs or corporations could not be structured is not a "further restriction" upon LLCs. It would appear to be an expansion of the definition of "syndicate". Further, as described below, LB 1437's definition of "farming or ranching" is not consistent with Neb. Const. art. XII, § 8, causing the bill to be inconsistent with the Constitution in that respect. Lastly, courts have determined that part of the purpose of Neb. Const. art. XII, § 8 is to promote "family farms".
The court has stated:
 We determine that the language of article XII, § 8, read as a whole, reflects an intent to prohibit individuals who are not members of the same family or Nebraska Indian tribe from forming and utilizing a corporation to own and operate a farm or ranch land for their personal economic gain, other than for the specific uses set forth in § 8(1)(E) through (N).
Pig Pro Nonstock Co-op v. Moore, 568 N.W.2d at 225,253 Neb. at 84.
Considering the above factors, it appears that LB 1437's creation of a "non-family farm" LLC by statute is inconsistent with the scheme created by Neb. Const. art. XII, § 8 and Neb. Rev. Stat. § 21-2602(2).
C. LIMITED LIABILITY PARTNERSHIPS
Limited liability partnerships (hereinafter "LLPs") recently became available in Nebraska, when the Uniform Partnership Act of 1998 began to replace the former Uniform Partnership Act by the 1997 enactment of LB 523. LLPs can be created by filing a "statement of qualification" with the Secretary of State. Neb. Rev. Stat. § 67-454(3). LLPs were originally created to shelter partners in professional firms, but their use has been extended to business enterprises.[6] They are formed and managed like a general partnership, except that state filing is necessary to obtain limited liability.[7] Unlike the limited partnership, an LLP allows general partners to obtain limited liability much like the limited partners in a limited partnership.[8]
The Nebraska Legislature began regulating LLPs as "syndicates" in the same year LLCs were considered "syndicates". Neb. Rev. Stat. §§ 21-2602(2), 67-306(3) 67-409(2). The limitations contained in the LLP sections were fundamentally similar to the limitations upon "family farm" LLCs and "family farm" LLPs. All entities were required to have ownership of the entity by family members, with at least one of these owners residing upon or actively performing day-to-day labor and management. Id.
Much of the above discussion which applies to LLCs also applies to LLPs. LLPs had not been created in Nebraska when Neb. Const. art. XII, § 8 was enacted. LLPs are very similar to Limited Partnerships.[9] Neb. Const. art. XII, § 8 allows legislative regulation of newly created entities, so long as that legislation enacts ". . . further restrictions prohibiting certain agricultural operations that the legislature deems contrary to the intent of this section." Neb. Const. art. XII, §8. LLPs may be properly regulated under the legislative description of "syndicate".
Like LLCs, LLPs allow transfer of agricultural property between a senior and junior partner in the form of a limited liability entity. These senior and junior partners need not be related. This result expands legislation beyond the limitations allowed by Neb. Const. art. XII, § 8. An expansion of LLP's "syndicate" definition under LB 1437 §§ 3, 8, 9, 10 11, does not place ". . . further restrictions prohibiting agricultural operations . . ." upon LLPs. The mentioned sections of LB 1437 are inconsistent with the intent of Neb. Const. art. XII, § 8. LB 1437's definition of a "syndicate" for LLPs is constitutionally suspect because it allows non-family members to form a limited liability entity for the ownership of farmland, or to engage in farming or ranching.
Besides the problems associated with non-family partners owning agricultural interests in an LLP, LB 1437 §§ 2 3 expand the definition of "farming or ranching" performed by "syndicates." In particular, LB 1437 §§ 2(2) 2(4) describes operators and managers as persons who ". . . actively engage in farming or ranching . . .". This description does not mention the current constitutional and statutory requirements for "syndicate" partners/members, which require that these persons ". . . actively engage in the day-to-day labor and management of the farm or ranch . . ." Neb. Const. art. XII, § 8(1), Neb. Rev. Stat. §§21-2602(2), 67-306(3) 67-409(2). These words have additional meaning beyond "actively" farming and ranching. "In determining the intent of a constitutional provision, a court may not supply any supposed omission, add words, or take words from the provision as framed." Hall v. Progress Pig, Inc., 575 N.W.2d at 375, 376,254 Neb. at 158. While Nebraska requires ". . . day-to-day labor and management of the farm or ranch . . .", other states are not as specific in their requirements for a farm to qualify as a "family farm."[10] The Nebraska Supreme Court is scheduled to hear arguments on precisely the above terms this March.[11]
LB 1437's omission of ". . . day-to-day labor and management . . ." in the definition of "actively" farming or ranching is an expansion of constitutional terms. Hence, LB 1437's definition is inconsistent with the modification clause of Neb. Const. art. XII, § 8 by failing to place ". . . further restrictions prohibiting agricultural operations . . ." in its provisions. Neb. Const. art. XII, § 8.
In sum, "non-family farm" LPs, LLCs and LLPs, as described under LB 1437, appear to expand the definition of a "syndicate" beyond that intended in Neb. Const. art. XII, § 8 and it's current statutory scheme. Additionally, LB 1437 allows these entities to conduct operations in which the members or partners need only be "actively" engaged in farming or ranching, rather than the stricter "day-to-day labor and management" of the farm or ranch required by Neb. Const. art. XII, § 8 and it's statutory scheme. For these reasons, LB 1437 is constitutionally suspect. "The Legislature cannot circumvent an express provision of the Constitution by doing indirectly what it may not do directly."Haman v. Marsh, 467 N.W.2d 836, 844, 237 Neb. 699, 708 (1991). A change to the Constitution must be accomplished through a Constitutional Amendment.
III. ALLOWABLE OPERATIONS UNDER LB 1437 AND NEB. CONST. ART. XII, § 8(1)
Your second question asks whether LB 1437 allows the formation of a limited liability entity which fits the requirements of both LB 1437 § 3 and Neb. Const. art. XII, § 8. This type of an operation must fit the requirements on LPs, LLCs and LLPs imposed by both Neb. Const. art. XII, § 8 and LB 1437.
There are numerous types of operations which may be created under Neb. Const. art. XII, § 8 and LB 1437. The limiting factors mentioned in the prior sections require that any entity which is created under LB 1437 also fit the requirements of Neb. Const. art. XII, § 8. In particular, this entity must have a the junior partner/member and the senior partner/member, or a spouse of this partner/member, who are: a) members of family related to one another within the fourth degree of kindred; and, b) reside upon, or actively engage in the day-to-day labor and management of the farm or ranch. Neb. Const. art. XII, § 8(1); Neb. Rev. Stat. §§21-2602(2), 67-306(3) 67-409(2). To avoid inconsistency with the Constitution, LB 1437 must follow the requirements of the Constitution. Unfortunately, the parts of the bill which allow transfer between non-family members must be omitted, which effectively eliminates a significant part of the bill.
It should be noted that Neb. Const. art. XII, § 8(1)(A) allows corporations to transfer ownership interests between non-family stockholders. The "family farm or ranch corporation" exception to the general prohibition against corporate agricultural interests states:
 Family farm or ranch corporation shall mean a corporation engaged in farming or ranching or the ownership of agricultural land, in which the majority of the voting stock is held by members of a family . . . related to one another within the fourth degree of kindred. . . .
Neb. Const. art. XII, § 8(1)(A) (Emphasis added).
A corporation would qualify as a "family farm or ranch corporation" if: a) it engaged in farming or ranching, or owned agricultural land; b) had stockholders who were related within the fourth degree of kindred holding 51% or more of the voting stock; and, c) had at least one of the majority interest stockholders residing upon the farm or ranch, or performing day-to-day labor and management upon the farm or ranch. An agreement wherein the senior stockholder was selling off his voting stock to a junior, and unrelated, minority stockholder, in exchange for the junior stockholders labors or investment upon the farm or ranch, would satisfy the "family farm or ranch corporation" requirements, so long as the junior and senior stockholders didn't each simultaneously hold 50% of the voting stock. The junior stockholder would ideally reach a majority interest in the farm or ranch at some point, making the senior stockholder the minority interest stockholder. This illustration provides a current method for non-family transfers under Neb. Const. art. XII, § 8(1). The requirement that "all partners" or "all members" in an LP, LLC or LLP have an ownership interest in the farm or ranch disqualifies these entities from such a transfer between non-related partners/members. Neb. Const. art. XII, § 8(1), Neb. Rev. Stat. §§ 21, 2602(2), 67-306(3) 67-409(2).
 IV. CONCLUSION
LB 1437 is intended to promote inter-generational transfers of agricultural property between non-family members. LB 1437 allows partners in a limited partnership, partners in a limited liability partnership, or members of a limited liability company to own agricultural land or engage in farming or ranching, even if those partners/members are not related in the fourth degree of kindred. Further, LB 1437 allows these members/partners to qualify themselves under this bill as the manager/operator of the mentioned entities by actively engaging in farming or ranching. The intent of Neb. Const. art. XII, § 8(1) appears to require that partners in the above types of partnerships, or members of a limited liability company, be related as family, and that at least one member or partner of these entities actively engage in the day-to-day labor and management of the entity's farm or ranch. LB 1437 is constitutionally suspect because of these differences.
A limited liability entity which fulfills the mentioned family-ownership, labor and management requirements in order to comply with both LB 1437 and Neb. Const. art. XII, § 8(1) cannot utilize significant parts of LB 1437. If the described partnerships and limited liability company complied with Neb. Const. art. XII, § 8(1), then sections of LB 1437's requirements are not allowable. Currently, a family-farm or ranch corporation can transfer agricultural interest in its assets between unrelated stockholders under Neb. Const. art. XII, § 8(1). The goal of inter-generational transfer appears to be possible under current statutes.
Sincerely,
 DON STENBERG Attorney General
 William R. Barger Assistant Attorney General
Approved:
______________________________ Attorney General
pc: Patrick J. O'Donnell Clerk of the Legislature
[1] Kelley, Donald H. and Ludtke, David A., Estate Planningfor Farmers and Ranchers: A Guide to Family Businesses withAgricultural Holdings, ¶ 5.06 (Shepard's/McGraw-Hill 1996, Supp. 1999).
[2] Neb. Rev. Stat. § 67-252; Kelley and Ludtke, EstatePlanning for Farmers and Ranchers: A Guide to Family Businesseswith Agricultural Holdings, ¶ 7.06.
[3] C. Bishop and D. Kleinberger, Limited LiabilityCompanies: Tax and Business Law, ¶ 1.01(1) (1998).
[4] Cohen, David L., Theories of the Corporation and theLimited Liability Company: How Should Courts and LegislaturesArticulate Rules for Piercing the Veil, Fiduciary Responsibilityand Securities Regulation for the Limited Liability Company?, 1998 Oklahoma Law Review vol. 51, pg. 447.
[5] Kelley, Donald H. and Ludtke, David A., Family BusinessOrganizations, ¶ 5:2 (Shepard's/McGraw-Hill 1996, Supp. 1999).
[6] Kelley and Ludtke, Estate Planning for Farmers andRanchers: A Guide to Family Businesses with Agricultural Holdings,
¶ 5:3.
[7] Id. at ¶ 3:5.
[8] Id.
[9] Id at ¶ 3:5.
[10] Several states omit "day-to-day labor and management" as part of their requirements for members of a "family farm" entity: N.D. Cent. Code § 10-06.1-12(6) (1999); Mo. Rev. Stat. § 350.101(5) (1999); Minn. Stat. § 500.24(2)(c) (1999); Iowa Code Ann. § 9H.1(1) (West 1999); Kan. Stat. Ann. § 17-5903(j)(3) (1999).
[11] In Hall v. Progress Pig, Inc., Case No. S-98-1190, the parties briefs contain detailed arguments regarding "day-to-day labor and management" for their March, 7, 2000 arguments before the Nebraska Supreme Court.