REQUESTED BY: Rex Holsapple, State Investment Officer
This is in answer to the various questions you have asked regarding legislative amendments to Neb. Rev. Stat. § 72-1263
(1996). The amendments change amounts for time deposit open accounts of available state funds deposited in financial institutions. Section 72-1263 was amended by the provisions of LB 932 (Laws 2000) passed with the emergency clause and approved by the Governor on April 13, 2000.
 I. LEGISLATIVE BILL 932 AMENDMENTS
It is initially inquired, "[w]hat happens to those banks already in the program for any amount under $300,000.00? Even with the passage of LB 932, can a depository bank, because of their contract, stay in the TDOA program at a level below $300,000.00 until their maturity date?" We believe that existing time deposit open accounts with depository institutions may be maintained consistent with the terms and conditions of the written contracts entered into between the state investment officer and the depository institution.
Section 35 of LB 932 provides:
 72-1263. The state investment officer shall, out of funds available for investment, cause to be offered to all banks and building and loan associations in this state a time deposit open account in the amount of one three hundred fifty
thousand dollars, except that any bank or building and loan association may accept such offer in amounts increments of one hundred thousand dollars or fifty thousand dollars. Such deposit shall be available at any investment date to such banks or building and loan associations as are willing to meet the rate and other requirements set forth in the Nebraska Capital Expansion Act and make application therefor. The balance of the funds available for investment shall then be offered at the same rate to the banks and building and loan associations making application for and otherwise qualifying for such deposit. Such deposit shall be offered in increments of fifty thousand dollars. No deposit shall be made when doing so would violate a fiduciary obligation of the state or section 72-1268.07. All funds not investable under this section shall be invested as provided by section 72-1246. No one bank or building and loan association may receive for deposit a sum of more than five hundred thousand one million dollars or an amount not to exceed the amount covered by the Federal Deposit Insurance Corporation, plus twice the institution's equity capital or net worth or as otherwise provided for by law, whichever is less.
The amendments of § 72-1263 by LB 932 increase amounts of state funds for deposit in time deposit open accounts from one hundred fifty thousand to three hundred thousand dollars. The amount offered for deposit by the state investment officer may be accepted by financial institutions in one hundred thousand or
fifty thousand dollar increments. It is our conclusion that existing accounts of less than three hundred thousand are consistent with statutory requirements because the statute expressly states that amounts may be accepted by depository institutions in one hundred thousand or fifty thousand dollar increments.
 II. TIME OPEN DEPOSIT ACCOUNTS
Additional questions are posed relating to the impact of the legislative amendments on existing time deposit open accounts. A time deposit open account is defined in Neb. Rev. Stat. § 72-1262
(Cum. Cup. 1998) in the following manner:
 (3) Time deposit open account shall mean a bank account or a deposit with a building and loan association with respect to which there is in force a written contract which provides that neither the whole nor any part of such deposit may be withdrawn, by check or otherwise, prior to the date of maturity, which date shall not be less than thirty days after the date of deposit, or prior to the expiration of the period of notice which shall be given by the state investment officer in writing not less than thirty days in advance of withdrawal. The time deposit open account shall be uniform and shall be furnished by the state investment officer with prior approval of such form by the Federal Deposit Insurance Corporation to each bank and building and loan association for execution;
It is asked, "[e]ven with the passage of LB 932, can a depository bank, because of their contract, stay in the TDOA program at a level below $300,000.00 until their maturity date?" As we have concluded, existing time deposit open accounts having amounts less than three hundred thousand dollars may be maintained consistent with statutory requirements. The terms and conditions of the deposit contracts are necessarily consistent with statutory requirements authorizing increments of one hundred thousand or fifty thousand dollars. To the extent the provisions of existing agreements are inconsistent with statutory provisions, the deposit accounts may be withdrawn upon thirty days notice, in writing, prior to withdrawal by the state investment officer. Accordingly, existing accounts with depository institutions may be maintained until maturity pursuant to the terms and conditions of existing contracts entered into between the state investment officer and the depository institutions.
Several similar questions are asked regarding application of contract provisions for existing time open accounts. You inquire whether the "automatically renewable" provision of existing agreements "mean that a participating bank can stay in the program indefinitely at a lower level unless they withdraw on their own or until we withdraw them?" Of course, the terms and conditions of a contract regarding renewal and/or duration are determined by provisions of the agreement. A contract written in clear an unambiguous language is not subject to interpretation or construction; rather, the intent of the parties must be determined from the contents of the contract, and the contract must be enforced as to its terms. McCormack v. Citibank, N.A.100 F.3d 532 (8th Cir. 1996); Rayman v. American Charter Federal Savingsand Loan Ass'n, 75 F.3d 349 (8th Cir 1996); Home Federal Savingsand Loan Ass'n of Grand Island v. McDermott Miller,243 Neb. 136, 497 N.W.2d 678 (1993). Thus, the duration of deposit renewal periods is determined by the provisions of existing contracts and the deposits may be maintained in accordance with the provisions of the contract.
You also ask whether the state investment officer is required by law to notify financial institutions with deposit accounts having less than $300,000.00 amounts to "increase their deposit or withdrawal?" We do not believe that the state investment officer has any duty to notify financial institutions to increase deposit amounts to $300,000.00. As we have concluded above, § 72-1263 as amended requires that the state investment officer offer time deposit open accounts in the amount of three hundred thousand dollars which may be accepted in one hundred thousand or fifty thousand dollar increments by depository institutions. There is no mandatory language in the statute that requires a financial institution to accept a minimum of three hundred thousand dollars in a time deposit open account.
 III. RULES AND REGULATIONS You have pointed out that the Nebraska Investment Council has promulgated rules and regulations establishing procedures for distribution of funds to financial institutions. The text of the existing regulation addressing distribution of fund amounts you have submitted provides as follows:
 Rule 1, Procedures for distribution of funds to banks and building and loan associations, Sections 72-1261 to 72-1268
Nebraska statutes. "There shall be one plan. The plan, in a minimum of $100,000.00 to the maximum of $500,000.00 in increments of $100,000.00 will be offered to each bank and savings and association for one year."
It is inquired, "[d]o we need to write a (sic) new Rules and Regulations for Nebraska statutes, or can we leave Rule 1 as it is, with assurance that LB 932 fully overrides any conflicting information between the two laws?" Review of the regulation reflects that its provisions are inconsistent with underlying statutory requirements. Section 72-1263, as amended, provides that the state investment officer shall offer a time open account in the amount of three hundred thousand dollars to all financial institutions of this state. Further, the deposit may be accepted by financial institutions in increments of one hundred thousand or fifty thousand dollars. The rule and regulation is necessarily amended to conform with standards set forth in the statute. The Investment Council exceeds its statutory authority by promulgating rules and regulations at variance with standards set forth in the legislative act. Administrative agencies have only that power which is granted to it by the Legislature, thus, its powers are limited to those delineated by statute. Stoneman v.United Nebraska Bank, 254 Neb. 477, 577 N.W.2d 271 (1998); Jollyv. State, 252 Neb. 289, 562 N.W.2d 61 (1997). Administrative agencies cannot use their rulemaking authority to modify, alter, or enlarge provisions of a statute which it is charged with administering. Spencer By and Through Spencer v. Omaha PublicSchool Dist., 252 Neb. 750, 566 N.W.2d 757 (1997); County Cork,Inc. v. Nebraska Liquor Control Com'n, 250 Neb. 456,550 N.W.2d 913 (1996). Importantly, to be valid, a rule or regulation which an agency creates must be consistent with the statute under which the rule or regulation was promulgated. FirsTier Bank, N.A. v.Department of Revenue, 254 Neb. 918, 580 N.W.2d 537 (1998);Robotham v. State, 241 Neb. 379, 488 N.W.2d 533 (1992). The Investment Council is required to adopt rules and regulations to establish procedures for distribution of funds to depository institutions. See, Neb. Rev. Stat. § 72-1266 (1996). Accordingly, the rule or regulation in its existing form necessitates amendment consistent with statutory requirements.
 IV. REVIEW OF TIME OPEN DEPOSIT ACCOUNT CONTRACT
You have requested our review of a "new" contract for time deposit open accounts. Generally, this office does not review contract or documents in the context of an opinion of the Attorney General. We are providing you with our separate commentary regarding contract provisions apart from this opinion.
Sincerely,
 DON STENBERG Attorney General
 Fredrick F. Neid Assistant Attorney General
APPROVED BY:
____________________________________DON STENBERG
Attorney General